**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 97-4608

KENNETH EUGENE MCDANIEL, a/k/a
Sealed Defendant 94-111-33,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-94-111)

Submitted: January 29, 1999

Decided: February 25, 1999

Before ERVIN, MICHAEL, and MOTZ, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph Michael McGuinness, Elizabethtown, North Carolina, for
Appellant. Robert J. Conrad, Jr., OFFICE OF THE UNITED
STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Kenneth Eugene McDaniel appeals from his conviction of one count of conspiracy to distribute crack cocaine, 21 U.S.C. § 846 (1994), for which he was sentenced to twenty years in prison. McDaniel's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), addressing whether the district court complied with the requirements of Fed. R. Crim. P. 11 in accepting McDaniel's guilty plea. McDaniel has filed a supplemental pro se brief in which he claims that the district court failed to inform him of the mandatory minimum sentence and failed to comply with the procedures provided in 21 U.S.C. § 851(b) (1994).

McDaniel signed a written plea agreement in October 1995 in which he agreed to waive his right to appeal his sentence or conviction, except for claims regarding ineffective assistance of counsel or prosecutorial misconduct. At the Rule 11 hearing, McDaniel stated that he had read the plea agreement and that he understood it. The court informed him of the nature of the charge to which the plea was offered, that the mandatory minimum term of imprisonment was ten years, that the court was required to consider applicable sentencing guidelines and would not determine the applicable sentencing guidelines range until after a presentence report was prepared, and that the court could depart from the guidelines. McDaniel stipulated a factual basis for the plea and acknowledged that he had a right to plead not guilty, that he had the right to a jury trial, and that pleading guilty would waive the right to a trial. McDaniel acknowledged that he had knowingly waived his appellate rights under the plea agreement. Accordingly, the district court held that the plea was informed and voluntary.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. In determining whether a waiver is knowing and intelligent, we examine the background, experience, and conduct of the defendant. We have held that, if the district court fully questions a defendant regarding waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, generally the waiver is valid and enforceable. See United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991).

2

However, a waiver of appeal rights does not prohibit the appeal of a sentence imposed in excess of the statutory maximum or one that is based on a constitutionally impermissible factor such as race, see United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992), or proceedings following entry of a guilty plea that were conducted in violation of a defendant's Sixth Amendment right to counsel. See United States v. Attar, 38 F.3d 727 (4th Cir. 1994).

The transcript of McDaniel's Rule 11 hearing reveals that he understood the full significance of the waiver provision of his plea agreement. McDaniel stated that he had reviewed the written plea agreement with his attorney and that he was satisfied with counsel's services. The Government summarized the plea agreement, including the waiver provision. McDaniel acknowledged his signature on the agreement and stated that he understood and agreed with the Government's summary. When the magistrate judge specifically asked McDaniel about the waiver, he stated that he understood he was waiving his right to appeal. On these facts, we find that McDaniel's waiver was knowingly and intelligently given. Because McDaniel's claims regarding the validity of his guilty plea are precluded by his valid waiver of his appeal rights, we dismiss the appeal as to these claims.

In his supplemental pro se brief, McDaniel states that he wishes to "preserve" his claims of ineffective assistance of counsel. McDaniel concedes that claims of ineffective assistance of counsel are not cognizable on direct appeal unless counsel's deficient performance plainly appears on the face of the record. See United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). Rather, these claims must be brought in a habeas corpus proceeding under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998). Because ineffective assistance does not plainly appear on the face of this record, McDaniel must raise any such claims by way of a § 2255 motion.*

We have examined the entire record in this case in accordance with the requirements of Anders, and find no meritorious issues for appeal. We deny McDaniel's attorney's motion to withdraw as counsel. The court requires that counsel inform his client, in writing, of his right

_____

*Accordingly, McDaniel's motion for production of a state court transcript at government expense is hereby denied.

to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

4